**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA VARGAS, et al., | Nos.  15-70451, 16-73650 |
| Petitioners, | Agency Nos.    A091-883-821 |
| v. | A030-772-736 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and submitted December 4, 2017
San Francisco, California

Before:  CLIFTON and OWENS, Circuit Judges, and BUCKLO,** District Judge.

Maria Isabel Vargas and Jose Filomeno Valencia Baron, a married couple,

both natives and citizens of Mexico, seek review of two final orders of the Board

of Immigration Appeals ("BIA"). The first order affirms the conclusion of an

immigration judge ("IJ") that petitioners failed to establish their entitlement to

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

asylum or withholding of removal under the Immigration and Nationality Act ("INA") and failed to satisfy the criteria for protection under the Convention Against Torture ("CAT"). The second order denies as untimely petitioners' motion to reopen their removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the consolidated petitions for review.

1. We review the agency's denial of a motion to reopen for abuse of discretion. *See, e.g., Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011). The BIA did not abuse its discretion in denying petitioners' motion as untimely because it was filed more than fifteen months after the final order of removal, and because petitioners' newly presented evidence did not establish materially changed country conditions in Mexico, as required to qualify for the regulatory exception to the ninety-day time limit under 8 C.F.R. § 1003.2(c)(3)(ii). Substantial evidence supports the BIA's determination that the new evidence of drug-related violence along the U.S.-Mexico border was not "qualitatively different" from the evidence previously presented. *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010). In addition, the BIA's summary denial of the motion with respect to petitioners' CAT claim adequately reflects its determination that the new evidence did not materially alter its previous analysis of that claim. *See id.* at 990 (BIA decision sufficient if it enables a reviewing court to perceive that it "heard and thought" about issues raised (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n. 6 (9th Cir.

2004))); *cf. Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (BIA abuses discretion when its decision leaves reviewing court "without a reasoned decision to review").

2. We review the BIA's factual findings regarding petitioners' substantive claims for substantial evidence. *Najmabadi*, 597 F.3d at 986. The record supports the agency's determination that petitioners failed to offer evidence to show that their proposed social groups meet the statutory requirements of "particularity" and "social distinction." *See Matter of M–E–V–G–,* 26 I. & N. Dec. 227 (BIA 2014); *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014); *see also Reyes v. Lynch,* 842 F.3d 1125, 1135 (9th Cir. 2016) (upholding the BIA's interpretation of "particular social group" in *M-E-V-G-* and *W-G-R-*, including its articulation of the "particularity" and "social distinction" requirements), *petition for cert. filed,* 86 U.S.L.W. 3076 (U.S. Aug. 11, 2017) (No. 17-241). With respect to petitioners' CAT claim, substantial evidence also supports the BIA's finding that petitioners failed to establish a probability of future torture because they can relocate to a non-border region of Mexico. *See* 8 C.F.R. § 1208.16(c)(3).[1]

**PETITIONS DENIED.**

---

[1] Petitioners' motion for judicial notice, filed on September 5, 2016 in No. 15-70451, is denied as moot because the materials of which petitioners ask us to take notice are of record in No. 16-73650.